ALLEN LEE PEDIGO *v.* STATE OF INDIANA.

[No. 272A58. Filed July 13, 1972. Rehearing denied October
12, 1972. Transfer denied February 8, 1973.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,*
Assistant Attorney General, for appellee.

WHITE, J.—Defendant appeals from a first degree burglary conviction and indeterminate sentence of not less than
ten nor more than twenty years imprisonment. That there
is sufficient substantial evidence of probative value to sustain the conviction is not challenged. Nor was any material
part thereof admitted over objection. Neither was there any
motion to suppress.

The timely filed motion to correct errors (which was neither
verified nor accompanied by affidavit) reads as follows (caption and signatures of counsel are the only omissions) :

"Comes now the defendant, by counsel, and avers and
says to the Court that error was contained in the finding
of the Court in that:

"1. The finding of the Court is not supported by sufficient evidence.

"2. The finding of the Court is contrary to law.

"3. The State did not sustain its burden of proof.

"WHEREFORE, defendant prays by way of the aforementioned grounds for a new trial.

## "MEMORANDUM

"The defendant respectfully submits that his rights were violated and that he was precluded from having a fair trial for the reason when arrested, defendant was promised that a reduced charge would be filed against him if he cooperated with the Indianapolis Police Department in their investigation of certain burglaries. Defendant cooperated by admitting to more than 50 burglaries, however, the Indianapolis Police Department subsequently failed to cooperate in having the charges against the defendant reduced.

"Defendant recognizes the fact that none of the admissions that he made to the Indianapolis Police Department were used as evidence against him, however, it is the defendant's contention that his rights were violated in that it is now impossible for him to show how much of the evidence used against him at his trial was derived from these admissions."

Defendant and his alleged accomplice were arrested together by a Marion County Deputy Sheriff on a burglary charge other than the one of which he was herein convicted. That burglary apparently occurred in Marion County outside the district policed by the City of Indianapolis Police Department. But it appears that soon after the arrest defendant and his companion were interrogated, probably more than once, by both Sheriff's Department investigators and city detectives.

The only police officer testifying at the trial was Sergeant Ashley, an Indianapolis Police Department investigator who testified on cross-examination by defense counsel that he recovered articles taken in this case's burglary by visiting the manager of the apartment house where defendant had been living with the alleged accomplice at the time of their arrest.

Sgt. Ashley said he made the visit in response to a call from a sheriff's detective suggesting he make that visit.

Defendant testified that during conversations with representatives of the sheriff's department and Sgt. Ashley, "they told me if I confessed the burglaries, they would get me a two to five year sentence, and then they would let my partner go . . . then after I told everything that I could remember, to the Sheriff's Department, Sergeant Ashley came over and he told me that they wouldn't go for a two to five, but he could get me a one to ten, if I . . . [at which point he was interrupted by another question]." He testified that he confessed to about sixty burglaries including some that he did not commit. On cross-examination he testified he did not commit this burglary after first saying he did not know whether he "should say yes or no."

Sergeant Ashley, testifying prior to the foregoing testimony by defendant, had said:

> "I told him if he would clear up all his burglaries, every one of them, that I would let him go on the one to ten, . . . he told me about fifty-five or sixty, but he left out a few, and I got orders from my lieutenant to pursue him on a First Degree Burglary charge.
> "Q. So, because he left out a few, you decided that he wasn't worthy of consideration?
> "A. I didn't decide nothing. I was told by my superior.
> "Q. But this was a police department decision, in other words?
> "A. Well, he didn't keep his word, so I don't think we had an obligation to him."

At the most, the evidence suggests the possibility that intensive discovery efforts, perhaps by means of a pre-trial motion to suppress, might have disclosed that some substantial part of the evidence used to convict the defendant (e.g., the recovery of the stolen articles) was made avilable to the state through statements made to police officers (either city or county) under inducement of a promise which was not kept. Had such a showing been made

we might then have before us the question of whether the use of such evidence rendered the conviction illegal. Even then, there would ordinarily have to have been some form of timely objection to the use of such evidence to bring the question before us for review. *New* v. *State* (1970), 254 Ind. 307, 259 N. E. 2d 696, 701, 21 Ind. Dec. 720, 727, 728.

The present record contains no trial court error. The judgment must be, and is,

Affirmed.

Buchanan, P.J., Sullivan, J., concur.

NOTE.—Reported in 284 N. E. 2d 867.